UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE PARKER CHOCHELES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-647** |
| **MARK H. HELLER ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Pending before the Court is Plaintiff Josephine Chocheles's ("Chocheles") Motion to Remand. R. Doc. 22. Defendants Unum Life Insurance Company of America ("Unum"), Mark H. Heller ("Heller"), and UBS Financial Services, Inc. ("UBS) oppose the motion. R. Docs. 25, 29. Having considered the briefing, record, and applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of a life insurance dispute between Chocheles and her late husband's life insurance carrier, Unum. R. Doc. 3-1 at 8. Chocheles's husband, the late Christopher Thomas Chocheles, was a partner at the law firm Sher Garner Cahill Richter Klein & Hilbert, LLC ("Sher Garner"), which provided its partners life insurance coverage through both Unum and another company, Reliance, not a party to this suit. *Id.* at 10-11. Chocheles has sued Unum, Sher Garner's long-time Unum agent Mark Heller ("Heller"), and UBS Financial Services ("UBS") as Heller's direct employer. *Id.* at 7-9.

Chocheles's husband passed away at the age of 48 on July 30, 2023. *Id.* at 10. Chocheles alleges that she timely provided Unum with the death claim form and other required documentation in order to obtain the life insurance benefits owed to her under the policy. Id. She states that Unum tendered $500,000 instead of the correct amount of $750,000, and when she sought the full coverage to which she alleges she is entitled, Unum requested "additional 'evidence of

1

insurability.'" *Id.* Chocheles alleges that Sher Garner has consistently committed $1 million in guaranteed life insurance benefits to its partners, and even rearranged its insurance carriers and policies to conform to this promise. *Id.* at 10-11. She describes that at the end of 2019, Sher Garner contracted with Unum to provide the $1 million coverage, but that Unum declined and instead told Heller to convey "that Unum would provide Sher Garner $750,000 per partner on a Guaranteed Issue Basis, i.e., with no need for any 'evidence of insurability.'" *Id.* at 11. Accordingly, Sher Garner contracted separately through Reliance to provide the additional $250,000 coverage such that between the carriers, partners would receive the promised $1 million. Id.

Chocheles alleges that in numerous communications between Heller and Sher Garner, that Heller represented that Unum's coverage was guaranteed in the amount of $750,000, pointing to correspondences dated September 23, 2022, April 19-20, 2021, and November 8, 2019, which she attaches as exhibits to her state court petition. *Id.* at 12-13. Further, Chocheles alleges that in the weeks following her husband's death, Heller again reiterated that the coverage amount totaled $1 million. *Id.* Chocheles notes that in none of these communications did Heller mention anything about additional evidence of insurability and that Sher Garner throughout was led to believe that guaranteed coverage in the amount of $750,000 was in fact *guaranteed*. Id.

Chocheles filed suit in the Civil District Court for the Parish of Orleans alleging violations of La. R.S. 22:1973 (arbitrary and capricious denial without probable cause, violations of fiduciary duty) and La R.S. 22:1811 (liability for penalty interest and prejudgment interest). *Id.* at 14-16. She alternatively alleges claims for detrimental reliance, claiming that Sher Garner and her late husband relied on representations made by Heller and his direct employer UBS as to the coverage amounts and requirements, noting that had Sher Garner been made aware that this $750,000 was not in fact guaranteed, it would have negotiated for such, especially in light of its efforts to do this just years prior in contracting with both Unum and Reliance to effect this guaranty. *Id.* at 16-17.

Further, in the alternative, Chocheles seeks reformation of the policy based on these same facts and she alleges a breach of contract and negligence claim against Heller and UBS for their alleged representations *Id.* at 17-20. She additionally alleges these same claims against Unum itself. *Id.* at 21-22. Chocheles seeks damages in the amount of $250,000 as per the policy and the statutory penalty and prejudgment interest. *Id.* at 23-24.

Defendant Unum filed a timely notice of removal removing the case to this Court and Chocheles filed a motion to remand. R. Docs. 3, 27, 28. Following removal, all Defendants were granted an extension of time to answer the notice of removal. R. Docs. 8, 10. Unum responded timely within this extension by filing a 12(b)(6) motion. R. Doc. 16. Heller and UBS timely responded by filing a motion to compel arbitration and motion to stay. R. Doc. 18. The Court addresses the motion to remand first because it poses questions as to this Court's jurisdiction.

## II.   PRESENT MOTION

In the instant motion, Chocheles urges this Court to remand the suit to state court because the notice of removal contained various deficiencies that she alleges are fatal. R. Doc. 22. She argues that the notice of removal filed by Unum did not have the requisite consents from the other named and served Defendants, Heller and UBS, as required by 28 U.S.C. § 1441, Federal Rule of Civil Procedure 5, and Local Rule 11.1. R. Doc. 22-1 at 6-11. She also claims she reserves the right to challenge subject matter jurisdiction on the grounds that the parties are not diverse and that federal question jurisdiction is not present. *Id.* at 1 n.1.[1]

Chocheles argues first that there is nothing in the record authorizing Unum's counsel to sign on behalf of the other Defendants. *Id.* at 7-8. Next, she argues that Local Rule 11.1 requires a signature by an "attorney of record," and that Mr. Freeman was not at that time the attorney of

---

[1] The Court observes that removal was based on federal question jurisdiction on ERISA grounds. See R. Doc. 3 at 1-2.

record for the other Defendants. *Id.* at 8-9. Further, the signature block does not contain Mr. Freeman's email, phone number, or attorney identification name as required by the Local Rule. *Id.* Chocheles points out that the notice of removal's purported consents are merely signature block lines containing "/s/" followed by Heller and UBS's attorney's typed name, below which only his law firm is stated. *Id.* Next, Chocheles cites Federal Rule of Civil Procedure 5(d)(3)(C) to show that it is the combination of a filing made through an attorney's e-file account, authorized by the attorney, along with the attorney's typed name on the signature block, that constitutes a signature – and because this filing was made by Unum's attorney without documented authorization, it fails this requirement. *Id.* at 10.-11. Last, Chocheles argues that these defects are incurable in light of 28 U.S.C. § 1446's thirty-day window. *Id.* at 11-12.

In response, Unum argues that Chocheles misunderstands the interaction between Rule 11 and the removal statute, and that the removal statute only requires the *filing* attorney to comply with Rule 11, here Unum's attorney. R. Doc. 25 at 4-5. Unum argues that the filing attorney did include all of this information in their signature block and that the lack of these details below Mr. Freeman's name is not fatal because he was not the one who filed the notice of removal. Id. Further, Unum avers that the signature of Mr. Freeman is proper and complies with ECF rules that a non-filing attorney's signature be represented by "/s/ [name]" and that, because Unum received Mr. Freeman's consent to do this, there is no flaw in his e-signature on this filing. *Id.* at 8-9.

Heller and UBS filed an opposition as well, joining in Unum's opposition and asserting several additional reasons for the Court to reject the motion to remand. R. Docs. 29, 33. They first note that Unum's counsel was not purporting to act on behalf of Heller and UBS as Chocheles contends but rather that Mr. Freeman gave consent to Unum to e-sign the removal. R. Doc. 29 at 1-2. Second, they argue that simply typing Mr. Freeman's name after the "/s/" does not constitute "act[ing] on behalf of" but represents Mr. Freeman's consent. *Id.* at 2-3. Third, they argue that

4

there is no authority to support Chocheles's notion that the signing attorney in this context have already appeared in state court, and that per Getty Oil Corp., the only requirement is that the defendant itself consent either personally "or from some person … purporting to act on its behalf in this respect and to have authority to do so," which would include the defendant's attorney. *Id.* at 3 (quoting *Getty Oil Corp.*, 841 F.2d at 1262 n.11). Last, they argue that there is no requirement for Mr. Freeman himself to use his own e-file account in this context and that Chocheles misapplies Rule 5 because those requirements apply only when the attorney uses their own account to submit a filing. *Id.* at 3-4.

### III.  LAW & ANALYSIS

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Accordingly, a defendant may remove a case to federal court if the federal court would have had original jurisdiction over the action. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994)). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Federal Rule of Civil Procedure 11 requires that a filing "must be signed by at least one attorney of record in the attorney's name" and that such signature "must state the signer's address,

e-mail address, and telephone number." Fed. R. Civ. P. 11(a).

In *Martinez v. Entergy Corp.*, the court granted a motion to remand on the grounds that the removal was not authorized by all defendants. No. 04-1027, 2004 WL 2661815, at *1 (E.D. La. Nov. 18, 2004). There, one defendant filed a notice of removal that included a statement that the other defendants consented, and the removing defendant "[c]ontemporaneously filed with the Notice of Removal [] a document entitled 'Consent to Removal' (the 'Consent')," which also stated that the other defendants consent to the removal. *Id.* However, the court noted that the Consent "bears signature lines for the attorneys for these three additional defendants, but each bears only the signature of 'Darryl Foster, for' the other attorneys." *Id.* The court looked to *Getty Oil Corp. v. Insurance Co. of America* to assist in its analysis. *Id.* at *2 (relying on 841 F.2d 1254, 1262-63 (5th Cir. 1988)).

In *Getty Oil Corp.*, the Fifth Circuit held that a mere statement in the notice of removal stating that other defendants do not oppose removal was not enough to show consent. *Id.*; *Getty Oil Corp.*, 841 F.2d at 1262 n.11. Rather, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp.*, 841 F.2d at 1262 n.11. The *Martinez* court applied this reasoning and found that removal was not proper because the attorneys of record for the other defendants did not sign; on their signature lines, it said "Darryl Foster, for" those defendants and the court found this did not comply with Federal Rule of Civil Procedure 11. *Martinez*, 2004 WL 2661815, at *3. The removing defendant attempted to cure the defect by providing the court with affidavits showing that it had the other defendants' consent to remove, however the court rejected this as untimely because it was provided approximately three months after service, not within thirty days. *Id.* ("However, 'all defendants must join in the petition no later than thirty days from the date on which the first

6

defendant was served.'") (quoting *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)).

In this instance, the notice of removal was timely filed and the consents contained in the notice satisfy the Federal Rules of Civil Procedure. The filing attorney's signature contains the requisite information and the notice indicates Heller's and UBS's consent, which is electronically signed by Mr. Freeman after he gave such permission to Unum's counsel. This is not the same situation as Getty Oil Corp. or Martinez where the removing defendant indicated either that the other defendants do not oppose, or where the filing attorney signed their own name above the other defendants' signature blocks. Mr. Freeman is authorized by the other defendants to consent and his signature is valid.

Accordingly, for the foregoing reasons, Chocheles's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 2nd day of May, 2024.

                                                                            _____
                                                                               United States District Judge