UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE PARKER CHOCHELES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-647** |
| **MARK H. HELLER ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Pending before the Court is Plaintiff Josephine Chocheles's ("Chocheles") Motion to Remand for Lack of Subject Matter Jurisdiction. R. Doc. 38. Having considered the briefing, record, and applicable law, the Court rules as follows.

I. **BACKGROUND & PRESENT MOTION**

This case arises out of a life insurance dispute between Chocheles and her late husband's life insurance carrier, Defendant Unum Life Insurance Company of America ("Unum"). R. Doc. 3-1 at 8. Chocheles's husband, the late Christopher Thomas Chocheles, was a partner at the law firm Sher Garner Cahill Richter Klein & Hilbert, LLC ("Sher Garner"), which provided its partners life insurance coverage through both Unum and another company, Reliance, not a party to this suit. *Id.* at 10-11. Chocheles has sued Unum, Sher Garner's long-time Unum agent Mark Heller ("Heller"), and UBS Financial Services ("UBS") as Heller's direct employer. *Id.* at 7-9.

Chocheles's husband passed away at the age of 48 on July 30, 2023. *Id.* at 10. Chocheles alleges that she timely provided Unum with the death claim form and other required documentation in order to obtain the life insurance benefits owed to her under the policy. *Id.* She states that Unum tendered $500,000 instead of the correct amount of $750,000, and when she sought the full coverage to which she alleges she is entitled, Unum requested "additional 'evidence of insurability.'" *Id.* Chocheles alleges that Sher Garner has consistently committed $1 million in

1

guaranteed life insurance benefits to its partners, and even rearranged its insurance carriers and policies to conform to this promise. *Id.* at 10-11. She describes that at the end of 2019, Sher Garner contracted with Unum to provide the $1 million coverage, but that Unum declined and instead told Heller to convey "that Unum would provide Sher Garner $750,000 per partner on a Guaranteed Issue Basis, i.e., with no need for any 'evidence of insurability.'" *Id.* at 11. Accordingly, Sher Garner contracted separately through Reliance to provide the additional $250,000 coverage such that between the carriers, partners would receive the promised $1 million. *Id.*

Chocheles alleges that in numerous communications between Heller and Sher Garner, that Heller represented that Unum's coverage was guaranteed in the amount of $750,000, pointing to correspondences dated September 23, 2022, April 19-20, 2021, and November 8, 2019, which she attaches as exhibits to her state court petition. *Id.* at 12-13. Further, Chocheles alleges that in the weeks following her husband's death, Heller again reiterated that the coverage amount totaled $1 million. *Id.* Chocheles notes that in none of these communications did Heller mention anything about additional evidence of insurability and that Sher Garner throughout was led to believe that guaranteed coverage in the amount of $750,000 was in fact *guaranteed*. *Id.*

Chocheles filed suit in the Civil District Court for the Parish of Orleans alleging violations of La. R.S. 22:1973 (arbitrary and capricious denial without probable cause, violations of fiduciary duty) and La R.S. 22:1811 (liability for penalty interest and prejudgment interest). *Id.* at 14-16. She alternatively alleges claims for detrimental reliance, claiming that Sher Garner and her late husband relied on representations made by Heller and his direct employer UBS as to the coverage amounts and requirements, noting that had Sher Garner been made aware that this $750,000 was not in fact guaranteed, it would have negotiated for such, especially in light of its efforts to do this just years prior in contracting with both Unum and Reliance to effect this guaranty. *Id.* at 16-17. Further, in the alternative, Chocheles seeks reformation of the policy based on these same facts

and she alleges a breach of contract and negligence claim against Heller and UBS for their alleged representations *Id.* at 17-20. She additionally alleges these same claims against Unum itself. *Id.* at 21-22. Chocheles seeks damages in the amount of $250,000 as per the policy and the statutory penalty and prejudgment interest. *Id.* at 23-24.

Defendant Unum filed a timely notice of removal removing the case to this Court and Chocheles filed her first motion to remand citing defects in the notice of removal. R. Docs. 3, 27, 28. This Cort denied Chocheles's first motion to remand on these grounds, noting that the defects she identified in the notice of removal were cured and were nonfatal to jurisdiction. R. Doc. 34.

Unum has filed a 12(b)(6) motion in lieu of an answer. R. Doc. 16. Heller and UBS timely filed a motion to compel arbitration and motion to stay in lieu of an answer. R. Doc. 18. The Court addresses Chocheles's second motion to remand before turning to the Defendants' substantive motions because the motion for remand poses questions as to this Court's jurisdiction.

In her instant motion, Chocheles urges this Court to remand the for lack of subject matter jurisdiction. R. Doc. 38. Unum filed its notice of removal citing federal question jurisdiction on the grounds that the insurance plan covering Sher Garner is subject to the Employee Retirement Income Security Act ("ERISA"). R. Doc. 1. Chocheles however argues that the plan at issue provided the $750,000 life insurance benefit to partners only, and therefore the plan is not subject to ERISA because ERISA does not apply to plans under which no employee is covered. R. Doc. 38-1 at 1-2. Alternatively, should the Court find that the insurance plan is subject to ERISA, she urges this Court to remand the actions against Heller and UBS because they are state law claims, not about the insurance plan, and therefore ERISA is irrelevant to these claims. *Id.* at 8.

**II.    LAW & ANALYSIS**

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, a defendant may remove a case to federal court if the federal court would have had original jurisdiction over the action.

ERISA is a federal statute that governs employer-provided benefits plans and supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). Section 1003(a) states that ERISA applies to any employee benefit plan "if it is established to maintained (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce" while section 1003(b) exempts government plans, church plans, and other plans not applicable in the instant action. *Id.* at §1003(a)-(b).

The ERISA regulations exclude from the definition of "employee benefit plan" "any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section." 29 C.F.R. § 2510.3-3(b). The regulation then defines "employees" as follows:

> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse, and (2) a partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

*Id.* at § 2510.3-3(c).

Courts applying these regulations have held that ERISA is inapplicable to plans that cover only partners. In *Robertson v. Alexander Grant & Co.*, the Fifth Circuit held that a plan that covered partners in an accounting partnership was not governed by ERISA even though "principals" at the firm had a similar benefits plan. 798 F.2d 868, 871 (5th Cir. 1986). Principals

4

were "employees of Grant who, while they [were] treated like partners and compensated like partners, [were] forbidden by state law from becoming partners because they are not Certified Public Accountants." *Id.* The Fifth Circuit found any argument that the two similar plans were in fact one plan as "miss[ing] the point" because "the plans, however similar, are separate plans." *Id.* Therefore, because the plan in question covered only partners, it was not covered by ERISA. *Id.* at 871-72.

Similarly, in *Pitre v. Louisiana Health Service and Indemnity Co.*, a district court found that a partner in a law firm was not considered an employee for ERISA purposes. 122 F.R.D. 497, 499-500 (W.D. La. 1988). There the court looked to the exclusion of partners in partnerships from the employee definition to assist its analysis and it concluded that ERISA was no applicable to that plaintiff's claim. *Id.* at 500-501. Further, that court noted the lack of evidence in the record to show that non-partners participated in that plan. *Id.* at 499-500.

However, if a plan covers both partners and employees, courts hold that such a plan is subject to ERISA. The Fifth Circuit discussed this distinction in Robertson when it rejected the plaintiff's argument that the two plans offered essentially the same coverage and therefore this made the plan at issue in that case subject to ERISA. *Robertson*, 798 F.2d at 871-72. In rejecting, the Fifth Circuit emphasized that in that case there were two similar but separate plans. *Id.*

In *House v. American United Life Insurance Co.*, the Fifth Circuit determined that single group plan with several distinct classes of coverage was subject to ERISA, even though one of these classes provided benefits to only partners. 499 F.3d 443, 450-51 (5th Cir. 2007). In *House*, a trial attorney argued below that the group insurance plan was not subject to ERISA because his benefits were only provided to partners. *Id.* at 446-48. The group plan in that case had three "classes" in its life insurance coverage, and that coverage varied by group. *Id.* at 446 ("Class 3 covering non-attorney employees, Class 2 covering non-partner attorneys, and Class 1 covering

5

partners."). Disability coverage across classes were similar but had separate funding arrangements depending on the class. *Id.* The district court "held that the Class 1 disability coverage for partners in House's firm was a separate plan and, since it benefited only partners and not any employees, it was not governed by ERISA." *Id.* at 448.

The Fifth Circuit reversed, noting that "a plan covering both working-owner employers or shareholders as well as employees is governed by ERISA." *Id.* at 450 (citing *Raymond B. Yates M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 17 (2004)). If the plan covers only owners, ERISA will not govern and it is not considered an employee benefit plan under the statute, but because this "multi-class group insurance policy where one class comprises only owners or partners" also provided coverage to employees, the Fifth Circuit reversed the district court and found the group plan subject to ERISA. *Id.* at 451-52. Importantly, the court noted that this group plan was not several separate and distinct plans through one insurer, but instead was a single plan, "bargained and paid for as a package by the firm, through a single subscription agreement resulting in a group policy." *Id.*

In this case, Chocheles argues that the $750,000 benefit was only provided to partners (owners) and not to employees, and therefore the plan does not fall under ERISA. However, this mischaracterizes the facts. The group policy at issue here includes three classes, like *House*, where one class comprises partners (owners) and another includes staff of the law firm (employees). *See* R. Doc. 16-2 at 5-6. The group policy is a single package bearing one single policy number (No. 604531 001), "bargained and paid for as a package by the firm." *See House*, 499 F.3d at 451-52.

The Sher Garner group policy at issue is clear and under Fifth Circuit precedent, that there are separate classes consisting of owners and employees alike does not transform this group policy into separate and distinct plans.

6

Chocheles urges an argument in the alternative that, should the Court find ERISA applicable, the Court should remand the state claims against Defendants Heller and UBS while maintaining jurisdiction over the ERISA claim against Unum. The Court finds this path less than desirable given the claims arise out of largely the same facts and occurrences, and for the sake of judicial economy the Court will exercise its pendant jurisdiction over the state law claims asserted in this matter.

Accordingly, for the foregoing reasons, Chocheles's Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 23rd day of May, 2024.

_____
United States District Judge