UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE PARKER CHOCHELES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-647** |
| **MARK H. HELLER ET AL** | **SECTION "L" (4)** |

## ORDER & REASONS

Pending before the Court is Defendant Unum Life Insurance Company of America's ("Unum") motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Josephine Chocheles's ("Chocheles") lawsuit for failure to state a claim upon which relief can be granted. R. Doc. 16. Chocheles opposes the motion. R. Doc. 35. Unum filed a reply. R. Doc. 37. Having considered the briefing, record, and applicable law, the Court rules as follows.

I.   **BACKGROUND**

This case arises out of a life insurance dispute between Chocheles and her late husband's life insurance carrier, Unum. R. Doc. 3-1 at 8. Chocheles's husband, the late Christopher Thomas Chocheles, was a partner at the law firm Sher Garner Cahill Richter Klein & Hilbert, LLC ("Sher Garner"), which provided its partners life insurance coverage through both Unum and another company, Reliance, not a party to this suit. *Id.* at 10-11. Chocheles has sued Unum, Sher Garner's long-time Unum agent Mark Heller ("Heller"), and UBS Financial Services ("UBS") as Heller's direct employer. *Id.* at 7-9.

Chocheles's husband passed away at the age of 48 on July 30, 2023. *Id.* at 10. Chocheles alleges that she timely provided Unum with the death claim form and other required documentation in order to obtain the life insurance benefits owed to her under the policy. *Id.* She states that Unum tendered $500,000 instead of the correct amount of $750,000, and when she sought the full

1

coverage to which she alleges she is entitled, Unum requested "additional 'evidence of insurability.'" *Id.* Chocheles alleges that Sher Garner has consistently committed $1 million in guaranteed life insurance benefits to its partners, and even rearranged its insurance carriers and policies to conform to this promise. *Id.* at 10-11. She describes that at the end of 2019, Sher Garner contracted with Unum to provide the $1 million coverage, but that Unum declined and instead told Heller to convey "that Unum would provide Sher Garner $750,000 per partner on a Guaranteed Issue Basis, i.e., with no need for any 'evidence of insurability.'" *Id.* at 11. Accordingly, Sher Garner contracted separately through Reliance to provide the additional $250,000 coverage such that between the carriers, partners would receive the promised $1 million. Id.

Chocheles alleges that in numerous communications between Heller and Sher Garner, that Heller represented that Unum's coverage was guaranteed in the amount of $750,000, pointing to correspondences dated September 23, 2022, April 19-20, 2021, and November 8, 2019, which she attaches as exhibits to her state court petition. *Id.* at 12-13. Further, Chocheles alleges that in the weeks following her husband's death, Heller again reiterated that the coverage amount totaled $1 million. *Id.* Chocheles notes that in none of these communications did Heller mention anything about additional evidence of insurability and that Sher Garner throughout was led to believe that guaranteed coverage in the amount of $750,000 was in fact *guaranteed*. *Id.*

Chocheles filed suit in the Civil District Court for the Parish of Orleans alleging violations of La. R.S. 22:1973 (arbitrary and capricious denial without probable cause, violations of fiduciary duty) and La R.S. 22:1811 (liability for penalty interest and prejudgment interest). *Id.* at 14-16. She alternatively alleges claims for detrimental reliance, claiming that Sher Garner and her late husband relied on representations made by Heller and his direct employer UBS as to the coverage amounts and requirements, noting that had Sher Garner been made aware that this $750,000 was not in fact guaranteed, it would have negotiated for such, especially in light of its efforts to do this

2

just years prior in contracting with both Unum and Reliance to effect this guaranty. *Id.* at 16-17. Further, in the alternative, Chocheles seeks reformation of the policy based on these same facts and she alleges a breach of contract and negligence claim against Heller and UBS for their alleged representations *Id.* at 17-20. She additionally alleges these same claims against Unum itself. *Id.* at 21-22. Chocheles seeks damages in the amount of $250,000 as per the policy and the statutory penalty and prejudgment interest. *Id.* at 23-24.

Defendant Unum filed a notice of removal citing federal question jurisdiction on ERISA grounds, and all Defendants were granted an extension of time to answer the notice of removal. R. Docs. 3, 8, 10. Unum responded timely within this extension by filing the instant 12(b)(6) motion and Heller and UBS timely responded by filing a separate motion to compel arbitration and motion to stay. R. Docs. 16, 18. Chocheles has filed two separate motions to remand, the first alleging defects in the removal notice and the second alleging the inapplicability of ERISA, as argued in opposition to this motion. R. Docs. 22, 38. The Court denied both motions. R. Docs. 34, 47.

## II.   PRESENT MOTION

In its instant 12(b)(6) motion to dismiss, Unum urges the Court to dismiss Chocheles's claims in their entirety on the basis that they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). R. Doc. 16. Unum argues that Congress enacted ERISA to set forth employee rights under various employer benefit plans, including life insurance plans, and that the claims Chocheles asserts are all preempted either expressly or via conflict preemption. R. Doc. 16-1 at 5-9.

First, Unum argues that ERISA expressly preempts state laws that "relate to" employee benefit plans, citing 29 U.S.C. § 1144(a). *Id.* at 5-6. Unum points to Supreme Court and Fifth Circuit precedent to show that courts have consistently found state law claims for bad faith and breach of contract like Chocheles's "relate to" an employee benefit plan and thus are preempted

3

by ERISA. *Id.* (first citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); then citing *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989)).

Second, Unum argues that ERISA's exclusive civil enforcement scheme conflict-preempts state law remedies sought by plaintiffs like Chocheles. *Id.* at 7-9. Noting that Congress intended ERISA to be the exclusive remedy for "actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits," Unum argues that ERISA would be undermined by a piecemeal state-law remedy framework and therefore the claims Chocheles asserts are preempted because they are in conflict with the federal remedy scheme. *Id.* at 7-8 (quoting *Pilot Life*, 481 U.S. at 51-52). Unum further argues that when a plaintiff complains of denial of coverage under a policy, and that plaintiff could have sought enforcement of their benefits under ERISA's scheme but instead pursued state law claims, these claims are preempted. *Id.* at 8-9 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-10 (2004)). For these reasons, Unum argues that all of Chocheles's claims are preempted either expressly or by conflict preemption and therefore this Court must dismiss her claims.

In response, Chocheles argues that the life insurance plan is not an "employee benefit plan" governed by ERISA because no "employees" were offered the $750,000 life insurance benefit – it was only provided to firm partners, who are not considered employees under the statute. R. Doc. 35. Chocheles argues that the regulations promulgated by the Secretary of Labor make clear that ERISA does not apply to plans that do not cover employees. *Id.* at 5 (citing 29 C.F.R. § 2510.3-3). She further argues that courts have frequently held plans such one covering Sher Garner partners only do not qualify as "employee benefit plans" under ERISA. *Id.* at 6. Therefore, she urges this Court to deny Unum's motion to dismiss on such grounds.

In reply, Unum accuses Chocheles of misrepresenting the nature of the insurance plan at work in this case. R. Doc. 37 at 1. Noting that she uses language like "this insurance coverage" or

4

"the program" when speaking about the $750,000 life insurance benefit for partners offered by Unum (and the total $1 million benefit in conjunction with the other plan by Reliance), Unum asserts that the Unum plan itself covers employees and partners, but provides coverage/benefits at different levels depending on one's group. *Id.* at 1-3. Unum cites the policy itself which contains one Policy Number (604531 001) and three Groups: Group 1 includes "Partners," Group 2 includes "Attorneys, CFO and Executive Director" and Group 3 includes "Staff." Group Policy, R. Doc. 16-2 at 5. Unum asserts that this Group Policy is one plan for the purpose of ERISA and because it includes both employees and owners/partners, it is subject to ERISA. R. Doc. 37 at 7.

Unum also argues that Chocheles failed to disclose Fifth Circuit case law that decides this issue and when the factual "misstatements" were brought to her attention, Chocheles refused to withdraw her opposition to this motion. *Id.* at 3-4 ("Due to what Unum perceived to be a blatant misstatement of the true facts known to all parties (and as is apparent from the face of the Group Policy), Unum's counsel emailed Plaintiff's counsel on May 16 asking Plaintiff to withdraw the Opposition.").

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw

5

all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

ERISA governs employer-provided benefits plans and supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). Section 1003(a) states that ERISA applies to any employee benefit plan "if it is established to maintained (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce" while section 1003(b) exempts government plans, church plans, and other plans not applicable in the instant action. *Id.* at §1003(a)-(b).

The ERISA regulations exclude from the definition of "employee benefit plan" "any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section." 29 C.F.R. § 2510.3-3(b). The regulation then defines "employees" as follows:

> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse, and (2) a partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

*Id.* at § 2510.3-3(c).

Courts applying these regulations have held that ERISA is inapplicable to plans that cover only partners. In *Robertson v. Alexander Grant & Co.*, the Fifth Circuit held that a plan that covered partners in an accounting partnership was not governed by ERISA even though

"principals" at the firm had a similar benefits plan. 798 F.2d 868, 871 (5th Cir. 1986). Principals were "employees of Grant who, while they [were] treated like partners and compensated like partners, [were] forbidden by state law from becoming partners because they are not Certified Public Accountants." *Id.* The Fifth Circuit found any argument that the two similar plans were in fact one plan as "miss[ing] the point" because "the plans, however similar, are separate plans." *Id.* Therefore, because the plan in question covered only partners, it was not covered by ERISA. *Id.* at 871-72.

Similarly, in *Pitre v. Louisiana Health Service and Indemnity Co.*, a district court found that a partner in a law firm was not considered an employee for ERISA purposes. 122 F.R.D. 497, 499-500 (W.D. La. 1988). There the court looked to the exclusion of partners in partnerships from the employee definition to assist its analysis and it concluded that ERISA was no applicable to that plaintiff's claim. *Id.* at 500-501. Further, that court noted the lack of evidence in the record to show that non-partners participated in that plan. *Id.* at 499-500.

However, if a plan covers both partners *and* employees, courts hold that such a plan is subject to ERISA. The Fifth Circuit discussed this distinction in *Robertson* when it rejected the plaintiff's argument that the two plans offered essentially the same coverage and therefore this made the plan at issue in that case subject to ERISA. *Robertson*, 798 F.2d at 871-72. In rejecting, the Fifth Circuit emphasized that in that case there were two similar but *separate* plans. *Id.*

However, in *House v. American United Life Insurance Co.*, the Fifth Circuit determined that *single* group plan with several distinct classes of coverage was subject to ERISA, even though one of these classes provided benefits to only partners. 499 F.3d 443, 450-51 (5th Cir. 2007). In *House*, a trial attorney argued below that the group insurance plan was not subject to ERISA because his benefits were only provided to partners. *Id.* at 446-48. The group plan in that case had three "classes" in its life insurance coverage, and that coverage varied by group. *Id.* at 446 ("Class

7

3 covering non-attorney employees, Class 2 covering non-partner attorneys, and Class 1 covering partners."). Disability coverage across classes were similar but had separate funding arrangements depending on the class. *Id.* The district court "held that the Class 1 disability coverage for partners in House's firm was a separate plan and, since it benefited only partners and not any employees, it was not governed by ERISA." *Id.* at 448.

The Fifth Circuit reversed, noting that "a plan covering both working-owner employers or shareholders as well as employees is governed by ERISA." *Id.* at 450 (citing *Raymond B. Yates M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 17 (2004)). If the plan covers only owners, ERISA will not govern and it is not considered an employee benefit plan under the statute, but because this "multi-class group insurance policy where one class comprises only owners or partners" also provided coverage to employees, the Fifth Circuit reversed the district court and found the group plan subject to ERISA. *Id.* at 451-52. Importantly, the court noted that this group plan was not several separate and distinct plans through one insurer, but instead was a single plan, "bargained and paid for as a package by the firm, through a single subscription agreement resulting in a group policy." *Id.*

## IV. DISCUSSION

The Court grounds its discussion in the standard for a 12(b)(6) motion which takes a plaintiff's well pleaded facts as true and correct. In this case, Chocheles argues that the $750,000 benefit was only provided to partners (owners) and not to employees, and therefore the plan does not fall under ERISA. However, as this Court explained in denying her second motion to remand, this statement mischaracterizes the facts. The group policy at issue here contains three classes, like *House*, where one class includes partners (owners) and another includes staff of the law firm (employees). *See* R. Doc. 16-2 at 5-6. The group policy is a single package bearing one single policy number (No. 604531 001), "bargained and paid for as a package by the firm." *See House*,

8

499 F.3d at 451-52. While the Court must take the facts in Chocheles's complaint as true, it need not do so if another pleading or document directly contradicts them. Unum attached the group policy in full as an exhibit to its motion to dismiss and the Court may consider attachments to Rule 12 motions along with the pleadings.

Again, as explained when this Court denied Chocheles's second motion to remand, the Sher Garner group policy at issue is clear and unambiguous. Under Fifth Circuit precedent, the fact that there are multiple classes consisting of owners and employees alike within the policy does not transform a single group policy into separate and distinct plans.

In her opposition however Chocheles requests that, should the Court find ERISA applicable, that she be permitted to amend her complaint to assert an ERISA claim. No scheduling conference has occurred in this case at this point and the Court will afford Chocheles an opportunity to amend her complaint.

Accordingly, for the foregoing reasons, Chocheles is granted leave to file an amended complaint no later than thirty days from the date of this Order and Unum's motion to dismiss is **DENIED** without prejudice with a right to re-urge it if it sees fit following the Amended Complaint.

New Orleans, Louisiana, this 24th day of May, 2024.

_____
United States District Judge